# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

PLANNED PARENTHOOD OF
WISCONSIN, INC., et al.,

*Plaintiffs*,

v.

JOSHUA KAUL, et al.,

*Defendants*.

No. 3:19-cv-00038-WMC

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO INTERVENE BY THE WISCONSIN LEGISLATURE

The Wisconsin Legislature respectfully submits this Memorandum of Law in support of its motion to intervene as a defendant in this action pursuant to Federal Rule of Civil Procedure 24(a)(2) or 24(b)(1).

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Court should grant this motion and allow the Legislature to intervene in this case on either of two independent grounds.

*First*, the Legislature meets the criteria for intervention as of right under Rule 24(a)(2). This motion is unquestionably timely; the Legislature is seeking intervention just two months after the complaint was filed, this litigation is still in its infancy, and no other party will be prejudiced if the Legislature intervenes at this early stage. The Legislature also has a clear interest in this matter. Wisconsin state law recognizes the Legislature's unique institutional interest in defending the constitutionality of its enactments, and has expressly authorized the Legislature to participate in the defense of such statutes. And even apart from that state-law authorization, the Legislature

has a powerful interest in ensuring that any decision in this area will not result in a broad constitutional holding that will limit the Legislature's ability to regulate abortion practices in the future. Finally, no other party adequately represents the Legislature's interests. Adequacy is not a demanding showing, and the other state defendants share neither the Legislature's ultimate goals (preserving as much discretion as possible to enact abortion-related legislation) nor the Legislature's strong interest in upholding the critical statutes being challenged here.

*Second*, in the alternative, the Court should grant the Legislature permissive intervention under Rule 24(b). Again, this motion is timely, the Legislature's defenses share common questions of law or fact with the existing parties' contentions, and intervention will result in no delay or prejudice for the original parties. The Court's resolution of the important constitutional questions at issue here will have significant implications for the Legislature's institutional interests in both defending the constitutionality of existing legislation and preserving its ability to enact future legislation addressing similar issues. Whether under Rule 24(a)(2) or Rule 24(b), the Legislature has a clear interest in this case and should be allowed to intervene.

## INTEREST OF PROPOSED INTERVENOR

The proposed intervenor is the Wisconsin Legislature, which is empowered by the Wisconsin Constitution to exercise "[t]he legislative power." Wisc. Const. art. IV, § 1. The Legislature enacted each of the statutes challenged in this case and has a powerful interest in defending their constitutionality and preserving the Legislature's constitutional authority to enact similar legislation in the future. On March 13, 2019, the Joint Committee on Legislative Organization proposed a motion to seek intervention in this case and retain legal counsel to represent the Legislature. The motion was approved on March 14, 2019.

**ARGUMENT**

**I.    THE LEGISLATURE IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(a)(2).**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, intervention as a matter of right is appropriate when, upon a timely motion, a party:

> Claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Rule 24 "should be liberally construed with all doubts resolved in favor of the proposed intervenor." *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003); *accord Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011); *Clark v. Sandusky*, 205 F.2d 915, 919 (7th Cir. 1953).

Appling Rule 24(a)(2), the Seventh Circuit has held that a party may intervene as of right if: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) existing parties do not adequately represent the applicant's interests. *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 700 (7th Cir. 2003) (citing *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000)). The Legislature readily satisfies each of these criteria.

**A.  This motion has been timely filed.**

The Seventh Circuit has described the timeliness factor as a reasonableness inquiry, requiring potential intervenors to be reasonably diligent in learning of a suit that might affect their rights and, upon learning of such a suit, to move to intervene reasonably promptly. *See People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 175 (7th Cir. 1995). In determining whether a

motion to intervene is timely, courts consider: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; and (4) any other unusual circumstances. *Heartwood*, 316 F.3d at 701.

Of these, the "most important" consideration is whether any delays in filing the intervention motion will prejudice the other parties to the case. *See Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 439 (7th Cir. 1994) (quoting 7C Wright et al., Federal Practice and Procedure § 1916 (2d ed. 1986)). The stage of the proceedings is critical to this inquiry, as the later the motion to intervene is filed, the greater the likelihood of prejudice to the existing parties. *See, e.g., Home Sav. of America, FSB v. Pioneer Bank & Trust Co.*, 169 F.R.D. 332, 334-35 (N.D. Ill. 1996) (finding no prejudice from intervention where case was "still in its pleading stage" and court had "not entered any substantive orders"); *Richardson v. Helgerson*, 2015 WL 3397623, *1 (W.D. Wisc. 2015) (Conley, J.) (no prejudice when intervention sought at an "early stage" of the case one month after complaint was filed); *compare Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1018 (7th Cir. 2002) (denying intervention as of right where "[t]his case is close to completion, after a decade of litigation in the federal courts").

Here, the timing of the Legislature's intervention motion will result in no prejudice to any of the existing parties. This litigation has barely begun. Plaintiffs filed their complaint just over two months ago, on January 16, 2019. Defendants' counsel did not enter appearances until late February, and Defendants filed an answer on March 21, 2019 (10 days earlier than their deadline for a responsive pleading). To date, the complaint and answer are the only two substantive filings in this case. No hearings have been held, the parties have not yet engaged in discovery or depositions, and no other procedural or dispositive motions have been filed. Thus, no prejudice to

either Plaintiffs or the current Defendants would result if the Legislature is permitted to intervene at this very early stage of the case. To the contrary, permitting the Legislature to intervene at this time would ensure that it is able to assert its defenses *without* delay or disruption to the litigation.

The Legislature also acted with reasonable diligence in moving to intervene. This motion is being filed just over two months after the complaint was filed, which is hardly an unreasonable delay given the Legislature's need to familiarize itself with the lawsuit, authorize intervention, retain counsel, and prepare both a motion to intervene and a responsive pleading. *See, e.g.*, *Home Sav. of America,* 169 F.R.D. at 334-35 (finding intervention timely when sought two months after filing of complaint); *Doe v. County of Milwaukee*, 2014 WL 3728078, *2 (E.D. Wisc. 2014) (finding intervention timely where sought "within a month of the initiation of this action"). Cases finding that a party failed to act with reasonable diligence in moving to intervene have typically involved delays of a year or longer. *See*, *e.g.*, *Southmark Corp. v. Cagan*, 950 F.2d 416, 418-19 (7th Cir. 1991) (holding that 15-month delay was excessive); *Cent. States, Se. & Sw. Areas Pension Fund v. Gopher News Co.*, 542 F.Supp.2d 823, 828-29 (N.D. Ill. 2008) (holding that approximately one-year delay was excessive). This motion is unquestionably timely.

### B. The Legislature has a significant interest in this matter and disposition of this case without the Legislature could impair its ability to protect that interest.

"Intervention as of right requires a direct, significant, and legally protectable interest in the question at issue in the lawsuit." *Wisc. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013). That requirement is satisfied here for multiple independent reasons.

*First*, it is well established that state legislatures (or legislators) have an interest in defending the constitutionality of legislative enactments when state law authorizes them to do so. *See, e.g., Arizonans for Official English v. Arizona,* 520 U.S. 43, 65 (1997) ("We have recognized that state legislators have standing to contest a decision holding a state statute unconstitutional if

state law authorizes legislators to represent the State's interests."); *Karcher v. May,* 484 U.S. 72, 82 (1987) ("Since the New Jersey Legislature had authority under state law to represent the State's interests in both the District Court and the Court of Appeals, we need not vacate the judgments below for lack of a proper defendant-appellant."); *cf. INS v. Chadha*, 462 U.S. 919, 930 n.5 (1983) (holding that Congress was proper party to defend one-house legislative veto where both houses, by resolution, had authorized intervention in the litigation).

Here, Wisconsin law provides that "[w]hen a party to an action challenges in state or federal court the constitutionality of a statute, facially or as applied … the assembly, the senate, and the legislature may intervene as set forth under § 13.365 at any time in the action as a matter of right by serving a motion upon the parties as provided in § 801.14." Wis. Stat. § 803.09(2m). Section 13.365, in turn, allows the Joint Committee on Legislative Organization to retain legal counsel and seek to intervene in an action on behalf of the Legislature. Here, the Joint Committee authorized intervention in this suit on March 14, 2019, and retained undersigned counsel shortly thereafter. The Legislature thus plainly has an interest in this case because it has "authority under state law" to participate in this suit in defense of the challenged statutes. *Karcher*, 484 U.S. at 82.[1]

*Second*, even apart from that express state-law grant of authority, the Legislature has a powerful interest in defending the constitutionality of its enactments. In *Coleman v. Miller*, 307 U.S. 433, 438 (1939), the Supreme Court held that state legislators suing in sufficient numbers such that their votes would be vindicated only if they succeeded on their legal theory "have a plain, direct and adequate interest in maintaining the effectiveness of their votes." The Court's holding

---

[1] Various challenges have been filed to the constitutionality of the legislation that adopted Wis. Stat. §§ 803.09(2m) and 13.365, but the legislation is in force as of the time of this filing. In all events, as set forth below, there are independently sufficient grounds for the Legislature to intervene even apart from those statutes.

in *Coleman* "stands … for the proposition that legislators whose votes would have been sufficient to defeat (or enact) a specific legislative Act have standing to sue if that legislative action goes into effect (or does not go into effect), on the ground that their votes have been completely nullified." *Raines v. Byrd*, 521 U.S. 811, 823 (1997); *see also Arizona State Legislature v. Arizona Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2663-66 (2015) (finding Arizona Legislature had standing to challenge state constitutional amendment assigning districting responsibilities to independent commission).

Here, the proposed intervenor is the Wisconsin Legislature, whose majority votes in support of the challenged measures would be "completely nullified" if those statutes were to be invalidated. *Raines*, 521 U.S. at 823. But that is not the only potential harm to the Legislature's interests, as the Court's decision may also constrain the Legislature's ability to enact abortion-related measures *in the future*. For example, if the Court adopts a broad interpretation of *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016)—which it should not do, for the reasons set forth in the Legislature's attached pleading—this could curtail the Legislature's ability to enact laws regulating other aspects of abortion procedures as well. A broad interpretation of *Whole Woman's Health* and related decisions would thus have a direct and significant impact on the Legislature's institutional interests, as the Legislature's future actions would necessarily be curtailed by an expansive interpretation of the federal Constitution in this case.

Finally, for similar reasons, the Legislature "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Courts have found that element satisfied if the litigation could have negative stare decisis effect for the party seeking to intervene. *See*, *e.g.*, *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1254 (10th Cir. 2001) (holding that "'the *stare decisis* effect of the district court's judgment

is sufficient impairment for intervention under Rule 24(a)(2),'" and that environmental groups met this test based on the decision's potential to limit designation of national monuments "in the future"); *Stone v. First Union Corp.*, 371 F.3d 1305, 1309-10 (11th Cir. 2004) (finding impairment element satisfied based on the "potential for a negative stare decisis effect" because "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects"). Just so here. As noted, an adverse decision from this Court would not only invalidate the challenged statutes but could also constrain the Legislature's ability to enact similar laws in the future. Nothing more is required to satisfy the impairment element of Rule 24(a).

### C. The Legislature's interests are not adequately represented by any current party to this litigation.

No current party to this litigation adequately represents the Legislature's unique institutional interests. A party seeking to intervene under Rule 24(a)(2) need only show that the "representation of [its] interest '*may be*' inadequate; and the burden of making that showing should be treated as minimal." *Lake Invest. Dev. Grp. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1261 (7th Cir. 1983) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)) (emphasis added); *see also Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) (intervention appropriate if parties "do not have sufficiently congruent interests").[2]

At the outset, the whole premise of Wis. Stat. § 803.09(2m) is that the Legislature has an *independent* institutional interest in the constitutionality of legislation, and should thus be permitted to intervene to defend its enactments regardless of whether the executive branch is also

---

[2] The Seventh Circuit has stated that there is a "presumption" of adequacy when the existing defendants are governmental entities, *see Keith v. Daley*, 764 F.2d 1265, 1270 (7th Cir. 1985), but any such presumption would be rebutted for the reasons set forth in this motion.

participating in the case. Policies and priorities change depending on the outcome of elections, and executive officials may have weaker incentives to defend some types of legislation than others. Section 803.09(2m) thus provides the Legislature a mechanism to ensure that its statutes are *always* defended to the fullest possible extent, regardless of the current policy priorities of the executive branch.

This case well illustrates the potential for divergence between the legislative and executive branches, and the Legislature's unique institutional interests. This litigation involves a hotly charged dispute over the constitutionality of several statutes regulating abortion practices. Although the case is still in its infancy—and the Attorney General's only filing to date is an answer that largely consists of boilerplate denials[3]—there is reason to believe the Attorney General may not litigate this case as ardently as the Legislature. The current Attorney General was strongly endorsed by the political arm of one of the plaintiffs in this case, which boasts on its website that the Attorney General will "reject[] the biased attempts of politicians to interfere in women's health care and the doctor-patient relationship," a clear reference to disputes over abortion-related regulations. *See* Vote Josh Kaul for Attorney General on November 6th, Planned Parenthood Advocates of Wisconsin, *available at* https://perma.cc/9YB5-MR45. Moreover, in his first few months in office, the Attorney General has already joined a lawsuit against the federal government challenging a regulation barring taxpayer-funded family planning clinics from referring patients to abortion providers, *see Wisconsin Joins 20 AGs Challenging New Title X Restrictions on Women's Reproductive Healthcare*, Wisconsin Dept. of Justice (Mar. 5, 2019), *available at*

---

[3] Although a difference in litigation tactics cannot by itself establish inadequate representation, it is notable that the Attorney General filed an answer rather than a motion to dismiss. As set forth in the attached pleading, there are strong grounds on which the plaintiffs' claims could be dismissed as a matter of law.

https://perma.cc/9UBK-PRXW, and has withdrawn Wisconsin from two multi-state amicus briefs defending other types of abortion regulations, *see AG Josh Kaul Withdraws Wisconsin from two Cases Challenging Abortion Access*, The Cap Times (Mar. 19, 2019), *available at* https://perma.cc/TT49-JHC6.

The Legislature sincerely hopes that the Attorney General will vigorously defend the challenged statutes for the duration of this case. But under the "minimal" standard for refuting a finding of adequacy, there is certainly reason to believe that the Attorney General's "representation of [the Legislature's] interest '*may be*' inadequate." *Lake Invest. Dev. Grp.*, 715 F.2d at 1261 (emphasis added). Nothing more is required to justify intervention under Rule 24(a)(2).

## II. IN THE ALTERNATIVE, THE LEGISLATURE SHOULD BE GRANTED PERMISSIVE INTERVENTION UNDER RULE 24(b).

Alternatively, this Court should grant the Legislature intervention under Federal Rule of Civil Procedure 24(b). Rule 24(b) provides for permissive intervention where a party timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion under this rule, the Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3). Permissive intervention under Rule 24(b) is to be granted liberally. *See* 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1904 (3d ed. 2007) (collecting cases)

Permissive intervention has been granted in cases similar to this one. For example, in *Carcaño v. McCrory*, 315 F.R.D. 176, 178-79 (M.D.N.C. 2016), the Speaker of the North Carolina House of Representatives and the President Pro Tempore of the North Carolina Senate sought to intervene to defend a North Carolina state law regarding access to bathrooms and changing facilities. The district court granted permissive intervention, holding that the request for

intervention was timely and that intervention would result in minimal prejudice to the parties because the legislators' defenses were similar to those of the parties and would follow the same deadlines. *Id.*

So too here. The Legislature seeks to intervene early in this litigation, before any meaningful proceedings on either substantive or procedural issues, and the Legislature's defenses in its proffered pleading are based on the same underlying legal and factual issues being litigated by the parties. Moreover, a refusal to allow the Legislature to intervene could significantly prejudice its interests and rights. As noted above, if the challenged statutes are invalidated as a matter of *federal constitutional law*, this would not only nullify the Legislature's votes on the specific measures at issue here, but would also constrain the Legislature's ability to enact legislation on similar matters in the future. The Court's resolution of the important questions at issue here will thus have significant implications for the Legislature's institutional interests far beyond the four corners of this case.

## CONCLUSION

The Court should grant this motion and allow the Legislature to intervene under Rule 24(a)(2) and/or Rule 24(b)(1).

Respectfully submitted,

Dated: March 28, 2019

/s/ *Jeffrey M. Harris*
Jeffrey M. Harris
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703.243.9423
jeff@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PARK PLLC
Ten Post Office Square
8th Floor South, PMB #706
Boston, MA 02109
617.227.0548
patrick@consovoymccarthy.com

*Counsel for Proposed Intervenor*
*Wisconsin Legislature*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2019, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF system, thereby serving all counsel of record.

/s/   *Jeffrey M. Harris*
Jeffrey M. Harris
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703.243.9423
jeff@consovoymccarthy.com