IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PLANNED PARENTHOOD OF
WISCONSIN, INC., DR. KATHY
KING, NATALEE HARTWIG, SARA
BERINGER and KATHERINE MELDE,

            Plaintiffs,

  v.

JOSHUA KAUL, ISMAEL OZANNE,
DAWN CRIM, KENNETH B. SIMONS,
TIMOTHY W. WESTLAKE, MARY JO
CAPODICE, ALAA A. ABD-ELSAYED,
DAVID A. BRYCE, MICHAEL CARTON,
PADMAJA DONIPARTHI, RODNEY A.
ERICKSON, BRADLEY KUDICK, LEE ANN
R. LAU, DAVID M. ROELKE, ROBERT L.
ZOELLER, PETER J. KALLIO, PAMELA K.
WHITE, ROMSEMARY DOLATOWSKI,
JENNIFER EKLOF, ELIZABETH S.
HOUSKAMP, SHERYL A. KRAUSE, LILLIAN
NOLAN and LUANN SKARLUPKA,

            Defendants.

OPINION AND ORDER

19-cv-038-wmc

---

Plaintiff Planned Parenthood of Wisconsin, Inc., and four of its health care providers bring this lawsuit against Wisconsin Attorney General Joshua Kaul, the District Attorney for Dane County Ismael Ozanne, in his official capacity and as a representative of a defendant class of District Attorneys, the Secretary of the Department of Safety and Professional Services Dawn Crim and members of the Medical Examining Board and the Board of Nursing. Plaintiffs claim that various laws and regulations unnecessarily require the participation of a physician (and at times the *same* physician) at various stages of the abortion services in violation of their rights, as well as the rights of their patients. (Compl.

(dkt. #1).) In answering the complaint, defendants deny that these requirements violate the constitutional rights of plaintiffs or their patients. (Answ. (dkt. #20).) Presently before the court is a motion by the Wisconsin legislature that seeks to intervene in this ongoing lawsuit, either as a matter of right or by permission under Federal Rule of Civil Procedure 24. (Dkt. #21.) All the parties to this lawsuit oppose the motion. (Dkt. ##27, 28.) Having reviewed the parties' submissions, as well as the proposed intervenor's unsolicited reply brief (dkt. #30), the court will deny the motion for the reasons set forth below, principal of which is the failure of the proposed intervenor to distinguish controlling Seventh Circuit case law.

BACKGROUND

Plaintiffs filed their complaint on January 16, 2019, seeking a declaratory judgment that the following abortion-related regulations violate the Fourteenth Amendment and the Equal Protection Clause.

- Wis. Stat. § 940.15(5) and Wis. Admin. Code MED § 11.03, which prohibit anyone other than a physician from performing a medication or surgical abortion. (Compl. (dkt. #1) ¶ 2.)

- Wis. Stat. § 253.105(2)(a) and § 253.10(3)(c)(1), which require that "woman may not be given an abortion-inducing drug for a medication abortion unless the same physician who prescribes the drug has also conducted a pre-abortion physical examination of the woman at least 24 hours before the medication abortion is induced." (*Id.* at ¶ 5.)

- Wis. Stat. § 253.105(2)(b), which requires that a physician must be in the same room as the woman when she is given the abortion-inducing drug. (*Id.* at ¶ 6.)

As indicated above, defendants answered the complaint on March 21, 2019, denying that these regulations violate the Fourteenth Amendment. (Answ. (dkt. #20).) On

2

March 28, 2019, the Wisconsin legislature filed the present motion to intervene. This case is set for a preliminary pretrial conference with Magistrate Judge Steven Crocker today, April 23, 2019.

OPINION

I. Intervention as of Right

In this case, there is no statutory basis for intervention under 28 U.S.C. § 2403(b), because that provision is limited to cases where "the State or an agency, officer, or employee thereof is *not* a party." (Emphasis added.) Nevertheless, some courts have concluded that a lack of a statutory right to intervene does not undermine a finding of a right to intervene under Federal Rule of Civil Procedure 24(a). *See, e.g.*, *Ne. Ohio Coalition for Homeless v. Blackwell*, 467 F.3d 999, 1007-08 (6th Cir. 2006) (rejecting State's argument that it had a right to intervene under § 2403(b), but finding intervention as of right under Rule 24(a) was appropriate).

Rule 24(a) recognizes a "right to intervene when: (1) the motion to intervene is timely filed; (2) the proposed intervenors possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the named parties inadequately represent that interest." *Wis. Educ. Ass'n Council v. Walker* ("*WEAC*"), 705 F.3d 640, 657–58 (7th Cir. 2013) (citing *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007)). The proposed intervenor has the burden to demonstrate each of these requirements is satisfied. *Ligas*, 478 F.3d at 773. "A failure to establish any of these elements is grounds to deny the petition. *Id.* (citing *United States v. BDO Seidman*,

337 F.3d 802, 808 (7th Cir. 2003)).

There is no dispute that the first element is met here. The Wisconsin legislature filed the motion to intervene approximately two and a half months after the complaint was filed and within a week of defendants' answer, before a schedule was even set in this case. However, all parties challenge whether the other three requirements are satisfied.

As for the interest requirement, "[i]ntervention as of right requires a 'direct, significant[,] and legally protectable' interest in the question at issue in the lawsuit." *WEAC*, 70 F.3d at 658 (quoting *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985)). The Wisconsin legislature argues that it is "well established that state legislatures (or legislators) have an interest in defending the constitutionality of legislative enactments when state law authorizes them to do so." (Proposed Intervenor's Br. (dkt. #22) 5.) In support, the proposed intervenor points to recently-enacted legislation providing:

> When a party to an action challenges in state or federal court the constitutionality of a statute, facially or as applied . . . the assembly, the senate, and the legislature may intervene as set forth under § 13.365 at any time in the action as a matter of right by serving a motion upon the parties as provided in § 804.14.

Wis. Stat. § 803.09(2).[1] Section 13.365 further provides that the Joint Committee on Legislative Organization may retain legal counsel and seek to intervene. The Committee authorized intervention in this lawsuit on March 14, 2019. (Proposed Intervenor's Br. (dkt. #22) 6.)

The legislature also points to United States Supreme Court cases, which primarily

---

[1] As the proposed intervenor acknowledges, there are pending challenges to the constitutionality of this legislation. (Proposed Intervenor's Br. (dkt. #22) 6 n.1.)

4

address whether a legislative body has standing to represent the state's interest. (*Id.* at 5-6 (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 65 (1997); *Karcher v. May*, 448 U.S. 72, 87 (1987); *INS v. Chadha*, 462 U.S. 919, 930 n.5 (1983)).) As the Seventh Circuit has explained, however, establishing standing is not a sufficient basis to seek intervention as of right. *See Flying J, Inc. v. Van Hollen*, 578 F.3d 559, 571 (7th Cir. 2009) ("The interest required by Article III is not enough by itself to allow a person to intervene in a federal suit and thus become a party to it. There must be more.").

Nothing in the earlier decisions by the United States Supreme Court cited by the proposed intervenor suggests otherwise. In *Arizonans for Official English*, the Supreme Court explained that its earlier decision in *Karcher* recognized that "state legislators have standing to contest a decision holding a state statute unconstitutional if state law authorizes legislators to represent the State's interests," but concluded that the coalition seeking to intervene on appeal was not a legislative body, and therefore its standing was in doubt. 520 U.S. at 66. As a result, the Supreme Court did *not* consider whether the motion to intervene satisfied the requirements of Rule 24. Like the Seventh Circuit's *Flying J* decision, the other two Supreme Court cases concerned proposed intervention because the state attorney general or other state entities decided *not* to defend the challenged statute. *See Karcher*, 484 U.S. at 75 (allowing intervention after "it became apparent that neither the Attorney General nor the named defendants would defend the statute"); *Chadha*, 462 U.S. at 940 ("Congress is the proper party to defend the validity of a statute when an agency of government, as a defendant charged with enforcing the statute, agrees with plaintiffs that the statute is inapplicable or unconstitutional.").

5

In *Flying J*, the Seventh Circuit followed this approach, granting an association of Wisconsin gasoline dealer's motion to intervene on appeal because the Wisconsin attorney general opted *not* to appeal an adverse decision by the district court. The court explained:

> Had the association sought to intervene earlier, its motion would doubtless (and properly) have been denied on the ground that the state's attorney general was defending the statute and that adding another defendant would simply complicate the litigation. For there was nothing to indicate that the attorney general was planning to throw the case—until he did so by failing to appeal.

578 F.3d at 572.

So, too, here. A state statute purporting to provide the Wisconsin legislature with the authority under state law to defend the State in federal court, arguably satisfying the *standing* requirements under Article III, does *not* relieve the legislature from satisfying the requirements for intervening under a federal rule. Even if it did impact the calculus, the statute certainly does not automatically satisfy the requirements for intervention as of right under Rule 24(a).

Putting aside this state statutory hook, the Seventh Circuit has instructed that the intervenor's "interest must be *unique* to the proposed intervenor." *WEAC*, 70 F.3d at 358 (emphasis added); *see also Keith*, 764 F.2d at 1268 ("The interest must be based on a right that belongs to the proposed intervenor rather than to an existing party in the suit."). Here, the Wisconsin legislature's interest -- defending the constitutionality of the challenged statutes and regulations -- is the *same* as that of the defendants. As this court previously explained in denying a similar motion to intervene in an earlier case, "a legislator's personal support does not give him or her an interest sufficient to support

6

intervention." *One Wis. Institute, Inc. v. Nichol*, 310 F.3d 394, 397 (W.D. Wis. 2015) (citing cases).[2]

Even if the Wisconsin legislature's interest were sufficiently unique, a proposed intervenor must also demonstrate that "the disposition of this action threatens to impair that interest." *WEAC*, 705 F.3d at 658. Here, the legislature complains that a decision in favor of plaintiffs could render the "majority votes in support of the challenged measures . . . 'completely nullified.'" (Proposed Intervenor's Br. (dkt. #22) 7 (quoting *Raines*, 421 U.S. at 823).) However, the proposed intervenor's interpretation of *Coleman* and *Raines* is also flawed. As the Eighth Circuit explained in *Planned Parenthood of Mid–Missouri and East Kansas, Inc. v. Ehlmann*, 137 F.3d 573 (8th Cir. 1998), "*Coleman* related to whether legislators had standing in a lawsuit where they contended an allegedly illegal action of the Lieutenant Governor nullified their votes. It does not hold that when a court declares an act of the state legislature to be unconstitutional, individual legislators who voted for the enactment can intervene." *Id.* at 578; *see also Raines*, 421 U.S. at 824 n.7 (describing *Coleman* as recognizing that legislators have standing where "a bill they voted for would have become law if their vote had not been stripped of its validity"); *Risser v. Thompson*, 930 F.2d 549, 550 (7th Cir. 1991) (describing *Coleman*'s limited holding as "state

---

[2] Independent of its statutorily recognized interest, the proposed intervenor argues that its interest is "powerful," directing the court to *Coleman v. Miller*, 307 U.S. 433, 438 (1939), for the proposition that "legislators whose votes would have been sufficient to defeat (or enact) a specific legislative Act have standing to sue if that legislative action goes into effect (or does not go into effect), on the ground that their votes have been completely nullified." (Proposed Intervenor's Br. (dkt. #22) 7 (quoting *Raines v. Byrd*, 421 U.S. 811, 823 (1997) (discussing *Coleman*)).) Here, again, this argument concerns standing -- and even then, proves an ill fit for the reasons described below. Nor does it address how the legislature's interest in defending the challenged state regulations and laws is distinct from the interest of defendants.

legislators do indeed have standing to challenge measures that diminish the effectiveness of their votes"). Once again, there is no argument or basis to argue that the parties to this lawsuit are stripping powers from the legislative branch or otherwise nullifying their votes.

Even if the cases cited by the proposed intervenor could be read as allowing intervention of a state legislature (or individual legislators) to defend their vote, the 2018-2019 Wisconsin legislature's interest in the legislation at issue in this case is far less clear than the interests at stake in the standing cases cited above, where the challenged legislation was enacted or up for passage in the current term. The challenged statutes and regulations implicated in this lawsuit are not new. The requirement that abortions "must be performed by physicians duly licensed by the medial examining board," now codified in Wisconsin Administrative Code § MED 11.03, was adopted in January 1974 in the wake of *Roe v. Wade*, 410 U.S. 113 (1973). *See* No. 217, Wis. Admin. Reg. 19 (Jan. 1974) (Wis. Admin. Code MED § 12.03 (effective February 1, 1974).[3] Similarly, the challenged statutes were enacted in 1985, 1995, and in 2011. *See* 1985 Wis. Act 56 sec. 35, p.642 (eff. Nov. 20, 2015) (codified as Wis. Stat. § 940.15(5)); 1985 Wis. Act 56, sec. 32, pp.641-42 (eff. Nov. 20, 1985) (codified as Wis. Stat. § 253.10); 1995 Wis. Act 309, sec. 4, pp.2034-38 (eff. May 16, 1996) (codified as Wis. Stat. § 253.10 (adding 24-hour language)); 2011 Wis. Act 217, sec. 10, pp.1252-53 (eff. Apr. 20, 2012) (codified as Wis. Stat. § 235.105). As such, the proposed intervenor's "nullified votes" argument does not fit with the circumstances of this case, even assuming the court were to adopt the proposed

---

[3] Effective November 1, 1976, Wis. Admin. Code MED § 12.03 was replaced by Wis. Admin. Code MED § 11.03. *See* No. 250, Wis. Admin. Reg. 23 (Oct. 1976).

8

intervenor's broad reading of *Coleman* and its progeny.

The proposed intervenors also complain that an adverse decision in this case could have an impact on the legislature's ability to pass abortion-related legislation in the future. While any decision in this case necessarily will be limited to the challenged regulations, any attempt by the legislature to reenact the *same* regulations would be thwarted. However, the desire to reenact invalidated legislation hardly serves as a cogent basis for intervening. Moreover, while "concern with the stare decisis effect of a decision can be a ground for intervention, . . . the decision of a district court has no authority as precedent." *Flying J*, 578 F.3d at 573.[4] As such, a concern about possible, future legislation is not sufficiently tied to the issues presented in this lawsuit to warrant intervention.

Even assuming the Wisconsin legislature could point to a direct, unique interest implicated by this lawsuit, and that this lawsuit somehow threatens to impair that interest, the proposed intervenor's argument that defendants, including Attorney General Kaul, "inadequately represent that interest" falls short. Typically, as the proposed intervenor notes, "only a 'minimal' showing of inadequate representation" is required. *WEAC*, 705

---

[4] In its reply brief, the proposed intervenor contends that this language constitutes dicta since the court concluded that intervention was appropriate. The discussion, however, was material to the court's finding that the intervenor's rights would be impaired by the disposition of this lawsuit. In that case, intervention was not appropriate until the Wisconsin attorney general opted not to appeal an adverse decision. The court explained that while the adverse decision in the district court had no *stare decisis* effect -- and, thus, this was not an adequate basis to find an impairment of the proposed intervenor's interest -- the lack of an appeal *would* impair the intervenor's interest. *Flying J.*, 578 F.3d at 573. As discussed below, if the state attorney general opts not to continue defending this lawsuit or appeal an adverse, then the legislature may renew its motion, and the court's analysis would likely change. Regardless, the fact that a district court's opinion has no stare decisis effect is well-established. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) ("[A]s we have noted repeatedly, a district court decision does not have stare decisis effect; it is not a precedent.").

F.3d at 659 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The proposed intervenor, however, fails to acknowledge that "when the representative party is a governmental body charged by law with protecting the interests of the proposed intervenors, the representative is presumed to represent their interests adequately unless there is a showing of gross negligence or bad faith." *Ligas*, 478 F.3d at 774; *see also WEAC*, 705 F.3d at 659 ("[W]hen the prospective intervenor and the named party have the same goal, a 'presumption [exists] that the representation in the suit is adequate.'" (quoting *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994)).[5]

Here, the attorney general is a defendant in this case and the Wisconsin Department of Justice, which the Wisconsin attorney general oversees, is defending the constitutionality of the challenged statutes and regulations. Moreover, under Wisconsin law, the attorney general "has the duty by statute to defend the constitutionality of state statutes." *Helgeland v. Wis. Municipalities*, 2008 WI 9, ¶ 96, 307 Wis. 2d 1, 45 N.W.2d 1 (denying motion to intervene based on argument that attorney general would not

---

[5] In its reply brief, the proposed intervenor urges the court not to adopt the "bad faith or gross negligence" standard, arguing that this standard has not been endorsed by the United States Supreme Court. (Proposed Intervenor's Reply (dkt. #30) 9.) This argument is silly. The Seventh Circuit has repeatedly required a showing of bad faith or gross negligence to rebut the presumption of adequacy of representation when the party is charged with defending against a constitutional challenge. *See United States v. South Bend Cmty. Sch. Corp.*, 692 F.2d 623, 627 (7th Cir. 1982); *United States v. Bd. of Sch. Comm'rs of Indianapolis*, 466 F.2d 573, 575–76 (7th Cir. 1972); *cf. WEAC*, 705 F.3d at 659 (acknowledging standard but not applying it because the state is not charged with protecting the First Amendment interests of the proposed intervenor state employees). Moreover, other circuits have also adopted it. *See, e.g., United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 758 (5th Cir. 1995) (affirming denial of intervention and dismissing appeal where there was no evidence of "bad faith" on part of defendant); *United States v. State of Ga.*, 19 F.3d 1388, 1394 (11th Cir. 1994) (denying motion to intervene, finding "absolutely no evidence in the record before us of gross negligence or bad faith"). The fact that Wis. Stat. § 803.09(2) purports to give the legislature the authority to represent the State in court does not undermine the long-standing statutory authority of the attorney general. Regardless, this court is bound by Seventh Circuit precedent.

adequately defend the law); *see also State Pub. Intervenor v. Wis. Dep't of Nat. Res.*, 115 Wis. 2d 28, 36, 339 N.W.2d 324, 327 (1983) ("[I]t is the attorney general's duty to defend the constitutionality of state statutes."); Wis. Stat. § 165.25(6) (setting forth authority of attorney general). Nothing about recently-enacted Wis. Stat. § 803.09(2) strips the attorney general of that obligation, nor have the proposed intervenor offered evidence that the attorney general does not intend to fulfill this responsibility.

Still, the Wisconsin legislature persists that this case "illustrates the divergence between the legislative and executive branches," arguing that Attorney General Kaul "may not litigate this case as ardently as the Legislature." (Proposed Intervenor Mot. (dkt. #22) 9.) Specifically, the proposed intervenor points to: the attorney general's endorsement by the political arm of Planned Parenthood during the election; his decision to join a lawsuit against the federal government challenging a regulation barring taxpayer-funded family planning clinics from referring patients to abortion providers; his decision to withdraw Wisconsin from two, multi-state amicus briefs defending abortion regulations *unrelated* to those challenged here, nor adopted by Wisconsin; and defendants' choice to file an answer, rather than a motion to dismiss. (*Id.* at 9-10.)

Even viewed collectively, this litany fails to demonstrate (or even come close to demonstrating) either gross negligence or bad faith. *See Ligas*, 478 F.3d at 774 (affirming district court's conclusion that "the inadequacy challenge was at best speculative, and at worst conclusory" (quotation marks omitted)). To the contrary, defendants answered the complaint, denying the allegations. Indeed, other than an odd "introduction" section full of argument, the proposed answer of the Wisconsin legislature, submitted with its motion

11

to intervene, largely mirrors the answer submitted by defendants. (*Compare* Defs.' Answ. (dkt. #20), *with* Proposed Intervenor's Answ. (dkt. #22-1).)[6] Moreover, the same attorneys for the Wisconsin Department of Justice who previously diligently defended abortion regulations in this court and on appeal to the Seventh Circuit Court of Appeals have been assigned to this action, and there is also nothing to suggest that they will not fulfill their ethical obligations. *See Planned Parenthood of Wis., Inc. v. Van Hollen*, No. 13-cv-465 (W.D. Wis. Filed July 5, 2013); *id.*, No. 13-2726 (7th Cir. Filed Aug. 6, 2013); *id.*, No. 15-1736 (7th Cir. Apr. 6, 2015).

**II. Permissive Intervention**

In the alternative, the Wisconsin legislature seeks permissive intervention under Rule 24(b), which is "wholly discretionary." *Sokaogon v. Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). In determining whether to exercise this discretion, the court considers the prejudice to the original parties and the potential for slowing down the case. *City of Chi. v. Fed. Emergency Mgmt. Agency*, 600 F.3d 980, 987 (7th Cir. 2001). Moreover, this court has previously held, "[w]hen intervention of right is denied for the proposed intervenor's failure to overcome the presumption of adequate representation by the government, the case for permissive intervention disappears." *Menominee Indian Tribe of Wis. v. Thompson*, 164 F.R.D. 672, 678 (W.D. Wis. 1996); *see also One Wis. Institute*, 310

---

[6] The proposed intervenor contends that it would have filed a motion to dismiss or a motion for judgment on the pleadings, and that if its motion is granted, it will promptly do so. This argument, however, is simply a "quibble[] with the state's litigation strategy," and does not rise to the level of negligence or bad faith, or otherwise support a finding that the attorney general is not adequately representing the State's interests. *WEAC*, 7045 F.3d at 659.

F.R.D. at 399 (same).

For many of the same reasons the court found that the proposed intervenor failed to demonstrate a right to intervene, the court declines to exercise its discretion to allow it to intervene permissively. Moreover, to allow intervention would likely infuse additional politics into an already politically-divisive area of the law and needlessly complicate this case. *See Flying J*, 578 F.3d at 572 (explaining that motion to intervene would have been denied if brought earlier when attorney general was defending lawsuit because "adding another defendant would simply complicate the litigation"); *One Wis. Institute*, 310 F.R.D. at 397 ("Rule 24 is not designed to turn the courtroom into a forum for political actors who claim ownership of the laws that they pass.").

While denying this motion, the Wisconsin legislature is free to seek leave to file amicus curiae briefs, *see Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (setting forth Seventh Circuit standard for considering amicus curiae briefs), or to renew its motion if the attorney general declines at some point to defend the challenged statutes or regulations, or should he opt not to appeal an adverse final judgment as in *Flying J*. 578 F.3d at 572-74 (granting motion to intervene after attorney general opted not to take appeal).

Finally, the Wisconsin legislature may appeal immediately this denial to the Seventh Circuit Court of Appeals. *See Shea v. Angulo*, 19 F.3d 343, 344–45 (7th Cir. 1994) (holding that the Seventh Circuit has "jurisdiction pursuant to 28 U.S.C. § 1291 because the denial of a motion to intervene, whether as of right or by permission of the court, is treated in this Circuit as a final appealable order"). If it elects to do so, however, it should

do so promptly so as to not derail the schedule which will be set in this case today.

ORDER

IT IS ORDERED that the Wisconsin Legislature's motion to intervene (dkt. #21) is DENIED.

Entered this 23rd day of April, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge